## SAMUEL BLANCHARD *vs.* JOHN WALKER.

The proper time for the entry of an action before a justice of the peace is within the hour named in the writ; and if not so entered, the defendant may refuse to appear, or may appear merely for the purpose of moving to dismiss the action.

THIS was an action of debt, originally commenced and tried before a justice of the peace, and afterwards, on appeal, before *Bigelow*, J., in the court of common pleas. The court ordered the general issue of *nil debet* to be put in, reserving to the defendant the right to make any objection of a preliminary nature; the same not to be considered as waived by the filing of the general issue.

The defendant, before the case was opened to the jury, objected to proceeding further therein, because it appeared by the record of the justice, that the action was not duly entered before him; the writ being returnable on the 28th of July, 1847, at four o'clock in the afternoon, and the justice not being present till half after five o'clock in the afternoon of the same day, at which time he entered the action, and proceeded with the trial. This objection was taken by the defendant before the justice, as appeared by reference to a copy of the record.

The judge ruled, that the action was not duly entered before the magistrate; that the objection had not been waived by the defendant; and that all subsequent proceedings in the case were therefore void. Thereupon, it was agreed by the parties, that a verdict should be rendered for the defendant, reserving to the plaintiff the right to except; and a verdict being accordingly taken for the defendant, the plaintiff alleged exceptions.

*S. Bartlett*, for the plaintiff.

*J. P. Converse*, for the defendant.

DEWEY, J. We have no direct adjudication in the courts of this commonwealth upon the question, whether the time for the entry of an action returnable before a justice of the peace expires with the expiration of the hour named in the writ. But the practice has been, as we suppose, to a great

extent, to regard it as thus limited. The form of the writ, as prescribed by statute, clearly indicates the same; leaving a blank to be filled with the hour of the day for the court to be holden; thus differing in form from writs returnable to the court of common pleas, or to this court. We are of opinion, that this period of one hour is the proper period for entering such actions before a justice of the peace; and that if not thus entered, the defendant may refuse to appear, or may appear merely for the purpose of moving to dismiss the action. Such appearance having been made, in the present case, for this special purpose, and such motion seasonably made, but overruled, the joining issue and proceeding to trial, under the order of the justice, were not a waiver of the objection to the entry of the action, and the objection is now open to the defendant.

The proper entry is, however, that the verdict be set aside; and that the action be dismissed, with costs to the defendant